UNITED STATES of America, Plaintiff–Appellee,

v.

Rogelio MONTALVO–VILLA, Defendant–Appellant.

No. 05–50423.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2006.[*]

Filed April 25, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., William You, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Yolanda M. Barrera, Esq., Monrovia, CA, for Defendant–Appellant.

\*\* The Honorable Robert C. Jones, District Judge for the District of Nevada, sitting by designation.

Before: D.W. NELSON, O'SCANNLAIN, Circuit Judges, and JONES, District Judge.\*\*

MEMORANDUM \*\*\*

Rogelio Montalvo–Villa pled guilty to a one-count indictment charging him with violating 8 U.S.C. § 1326 by being an illegal alien found in the United States following deportation. Montalvo–Villa appeals the district court's imposition of a 57–month sentence. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's imposition of a sentence to determine whether it was reasonable. *United States v. Booker*, 543 U.S. 220, 260–61, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We affirm the district court's decision to impose a 57–month sentence.

■ The district court adequately considered Montalvo–Villa's family responsibilities and reasonably determined that they were not unusual compared to the ordinary case where the primary provider will be incarcerated and unable to support his family. *Cf. United States v. Klimavicius–Viloria*, 144 F.3d 1249, 1267 (9th Cir. 1998) (holding that downward departures for family responsibilities are only appropriate "if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present").

■ The district court considered Montalvo–Villa's cultural assimilation in the United States and reasonably determined that upon deportation Montalvo–Villa suf-

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fered the same difficulties as the majority of deported undocumented aliens that have spent much of their adult life in the United States. *Cf. United States v. Rivas–Gonzalez,* 384 F.3d 1034, 1045 (9th Cir.2004) (holding that downward departures based on cultural assimilation are only appropriate in "extraordinary circumstances").

■ Finally, Montalvo–Villa's 57–month sentence was not unreasonable because of sentencing disparity. The difference between Montalvo–Villa's sentence and the sentence of "fast-track" defendants does not constitute an unreasonable disparity. *See United States v. Caperna,* 251 F.3d 827, 831 (9th Cir.2001) (holding that § 3553(b) requires the district court to consider sentencing disparities between defendants who plead guilty to the same offense, but not between defendants who plead guilty to different offenses); *United States v. Banuelos–Rodriguez,* 215 F.3d 969, 976 (9th Cir.2000) (en banc) ("Courts generally have no place interfering with a prosecutor's discretion regarding whom to prosecute, what charges to file, and whether to engage in plea negotiations.").

The district court recognized Montalvo–Villa's arguments during the sentencing hearing, but also noted countervailing factors including his criminal history. The sentence was expressly based on the factors in 18 U.S.C. § 3553(a), and in light of the court's analysis, we hold that the sentence is reasonable. *See United States v. Mix,* 442 F.3d 1191, 1195–96 (9th Cir. 2006).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.